IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



UNITED STATES OF AMERICA

v.

PATRICK JOHNS,
ANTONIO IRWIN,
PAUL SIMMONS, JR.,
TIMOTHY JACKSON and
DENNIS SMITH

CRIMINAL NO. 1:17CR46HSO-JCG

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)

**The United States charges:**

## COUNT 1

That from sometime in 2014 and continuing to the date of this indictment, in Pearl River County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendants, **PATRICK JOHNS, ANTONIO IRWIN, PAUL SIMMONS, JR., TIMOTHY JACKSON and DENNIS SMITH**, did knowingly and intentionally conspire, with each other and others known and unknown, to possess with intent to distribute cocaine hydrochloride, a Schedule II narcotic drug controlled substance, and methamphetamine, a Schedule II narcotic controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code.

All in violation of Section 846, Title 21, United States Code.

### QUANTITY OF CONTROLLED SUBSTANCES INVOLVED IN THE CONSPIRACY

With respect to **PATRICK JOHNS**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of a detectable amount of cocaine hydrochloride, and 50 grams or more of actual methamphetamine in violation of Title 21, United States Code, Sections 841(b)(1)(A) and (C).

With respect to **ANTONIO IRWIN**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is 50 grams or more of actual methamphetamine in violation of Title 21, United States Code, Sections 841(b)(1)(A).

With respect to **PAUL SIMMONS, JR.**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 grams or more of actual methamphetamine in violation of Title 21, United States Code, Sections 841(b)(1)(B).

With respect to **TIMOTHY JACKSON**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is 50 grams or more of actual methamphetamine in violation of Title 21, United States Code, Sections 841(b)(1)(A).

With respect to **DENNIS SMITH**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is 50 grams or more of actual methamphetamine in violation of Title 21, United States Code, Sections 841(b)(1)(A).

## COUNT 2

That on about March 25, 2014, in Pearl River County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **PATRICK JOHNS**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code and Section 2, Title 18, United States Code.

COUNT 3

That on about March 26, 2014, in Pearl River County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **PATRICK JOHNS**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code and Section 2, Title 18, United States Code.

COUNT 4

That on about July 17, 2015, in Pearl River County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **ANTONIO IRWIN**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code and Section 2, Title 18, United States Code.

COUNT 5

That on about July 29, 2015, in Pearl River County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **ANTONIO IRWIN**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute 5 grams or more of actual methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code and Section 2, Title 18, United States Code.

## COUNT 6

That on about August 17, 2015, in Pearl River County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **ANTONIO IRWIN**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute 5 grams or more of actual methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code and Section 2, Title 18, United States Code.

## COUNT 7

That on about August 18, 2015, in Pearl River County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **ANTONIO IRWIN**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute 5 grams or more of actual methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code and Section 2, Title 18, United States Code.

## COUNT 8

That on about August 27, 2015, in Pearl River County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **ANTONIO IRWIN**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute 5 grams or more of actual methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code and Section 2, Title 18, United States Code.

COUNT 9

That on about October 13, 2015, in Pearl River County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **PAUL SIMMONS, JR.**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code and Section 2, Title 18, United States Code.

COUNT 10

That on about October 16, 2015, in Pearl River County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **PAUL SIMMONS, JR.**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute 5 grams or more of actual methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code and Section 2, Title 18, United States Code.

COUNT 11

That on about October 30, 2015, in Pearl River County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **PAUL SIMMONS, JR.**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute 5 grams or more of actual methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code and Section 2, Title 18, United States Code.

## COUNT 12

That on about December 16, 2015, in Pearl River County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **TIMOTHY JACKSON**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute 50 grams or more of actual methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code and Section 2, Title 18, United States Code.

## COUNT 13

That on about January 26, 2016, in Pearl River County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **PATRICK JOHNS**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute 5 grams or more of actual methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code and Section 2, Title 18, United States Code.

## COUNT 14

That on about January 26, 2016, in Pearl River County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **PAUL SIMMONS, JR.**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code and Section 2, Title 18, United States Code.

## COUNT 15

That on about January 28, 2016, in Pearl River County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **PATRICK JOHNS**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute 5 grams or more of actual methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code and Section 2, Title 18, United States Code.

## COUNT 16

That on about January 28, 2016, in Pearl River County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **DENNIS SMITH**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute 50 grams or more of actual methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code and Section 2, Title 18, United States Code.

## **NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE**

As a result of committing the offenses as alleged in this Indictment, the defendants shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been

commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendants, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 853, Title 21, United States Code.

*Warren LaMarca for*
HAROLD BRITTAIN
Acting United States Attorney

A TRUE BILL:

s/signature redacted

Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the 16th day of MAY, 2017.

_____
UNITED STATES MAGISTRATE JUDGE